January 15, 2020

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION
CASE NUMBER 1:18-CR-27

---

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) | |
| ) | |
| ) | JANUARY 15, 2020 |
| VS. ) | |
| ) | ALBANY, GEORGIA |
| ) | |
| BRENTON MILLER, ) | |
| ) | |
| DEFENDANT ) | |

SENTENCING HEARING
BEFORE THE HONORABLE LESLIE ABRAMS GARDNER
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

FOR THE GOVERNMENT          LEAH MCEWEN, AUSA
                           UNITED STATES ATTORNEY'S OFFICE
                           MIDDLE DISTRICT OF GEORGIA
                           C.B. KING UNITED STATES COURTHOUSE
                           201 WEST BROAD AVENUE
                           ALBANY, GEORGIA   31701

FOR THE DEFENDANT          CLINT L. LOTT, ATTORNEY AT LAW
                           505 WEST WARD STREET
                           DOUGLAS, GEORGIA   31533

MINDY MARTIN, FOCR
229-405-6818

January 15, 2020

1    (Commencing at 10:11 a.m.)
2         THE COURT:  All right.  Good morning, everyone.
3         MS. MCEWEN:  Good morning, your Honor.
4         MR. LOTT:  Good morning, Judge.
5         THE COURT:  We're here first for a sentencing in United
6    States versus Brenton Miller, 1:18-CR-27.  Would counsel please
7    announce your appearances.
8         MS. MCEWEN:  Leah McEwen for the government, your
9    Honor.
10        MR. LOTT:  And Clint Lott for the defendant, your
11   Honor.  We're ready to proceed.
12        THE COURT:  Mr. Lott, if you and your client would
13   approach the podium.
14   (Pause)
15        THE COURT:  Good morning, Mr. Miller.
16        THE DEFENDANT:  Good morning.
17        THE COURT:  In this matter I've reviewed the
18   presentence report and the sentencing memorandum that was filed.
19   Is there anything else I should have -- and there's a letter as
20   well.  Is there anything else I should have reviewed in this
21   matter?
22        MR. LOTT:  No, your Honor, there's nothing else to
23   review.  Sorry about the letter.  I just got it this morning, so
24   if the Court would take the time to look at it.
25        THE COURT:  I definitely will.

January 15, 2020

1    Mr. Miller, have you had an opportunity to review the
2    presentence report?
3             THE DEFENDANT:  Yes, ma'am.
4             THE COURT:  And did you talk to your attorney about it?
5             THE DEFENDANT:  Yes, ma'am.
6             THE COURT:  Do you have any questions about your report
7    at this time?
8             THE DEFENDANT:  No, ma'am.
9             THE COURT:  I note that there were no objections filed.
10   Is that correct?
11            MS. MCEWEN:  That's correct.
12            THE COURT:  Mr. Miller, did you ask your attorney to
13   file any objections that he failed to file?
14            THE DEFENDANT:  No, ma'am.
15            THE COURT:  All right.  There being no objections, the
16   presentence report is adopted as written.  The Court has
17   determined that the advisory sentencing range is 210 months to
18   262 months, considering an offense level of 33 and a Criminal
19   History Category V.  Are there any objections to the guidelines
20   as calculated?
21            MS. MCEWEN:  None from the government.
22            MR. LOTT:  None as calculated, your Honor.
23            THE COURT:  All right.  I'll hear from the government
24   as to an appropriate sentence.
25            MS. MCEWEN:  You're Honor, we're asking for a sentence

January 15, 2020

1  within the stated guideline range.  Here we don't believe
2  there's any factors that warrant a variance or a departure as it
3  relates Mr. Miller's conduct or his past history and
4  characteristics in this case.
5      As the Court knows, he has some prior offenses related to
6  burglary as well as to prior offenses related to drug
7  trafficking, drug possession type offenses.  Further, his
8  activity in this case was regular and repeated redistribution.
9  And we believe all of those factors support a sentence within
10 the guideline range.
11         THE COURT:  And then, Mr. Lott, I'll hear from you, but
12 I'm going to take a moment to read this letter first.
13         MR. LOTT:  Yes, ma'am.
14    (Pause)
15         THE COURT:  All right.  Mr. Lott, I'll hear from you
16 and your client and anyone else you'd have speak.
17         MR. LOTT:  I'm sorry.  What, now?
18         THE COURT:  I'll hear from you and your client and
19 anyone else you would have speak.
20         MR. LOTT:  Well, you'll hear from me first, if I could.
21 I know you've already reviewed my sentencing memorandum, your
22 Honor, and I don't need to beat that twice, but I just kind of
23 want to point out a few things.
24     My client has been very cooperative with me.  I feel like
25 we've gotten to know each other pretty well over the last year

January 15, 2020

1  and a half or so.  And he's taken a great interest in this case
2  and, again, has assisted me in all levels.  And he does, as the
3  report notes, have three prior felonies on his report that
4  automatically gave him a nine and plus his supervision when this
5  offense occurred.
6      I ask the Court to take into consideration, though, that two
7  of the offenses really occurred within a six-hour period, one in
8  one county and one in another county.  So they weren't, you
9  know, consolidated for trial.  Probation has calculated
10 correctly, in my opinion, but if that was one -- in his mind, of
11 course, it was one criminal endeavor.  And of course that would
12 bump him down a whole level on the Criminal History Category if
13 that weren't the case, although it is the case.  I understand
14 that.  But that's a mitigating issue the Court can consider.
15     Again, the Court is very well aware of these guidelines.
16 And, you know, 3553 of the code section really drives this
17 train.  But I tried to put in the report also kind of my
18 client's background.  And I know the Court has heard this a
19 bunch of times.  But he does come from an impoverished family.
20 He's had it rough, Judge.
21     He witnessed his father commit suicide right in front of him
22 at a young adult age.  His mother's fought addiction her whole
23 life and is currently, in my understanding, in a facility
24 fighting opiate addiction again.  Very unlikely she'll be here,
25 around when he is released.  They have a wonderful relationship.

January 15, 2020

1    His sister is here today.  She's in the back row back there.
2           UNIDENTIFIED FEMALE:  (Indicating)
3           MR. LOTT:  And I submitted just her letter.  If the
4    Court wants to hear from her, she'd be happy to come to do it,
5    but she's a little nervous, as you might expect.
6           But Mr. Miller here, Judge, in my opinion, he is -- nothing
7    I'm saying today is an excuse.  And I want the Court to be
8    clear, I'm not trying to make excuses.  He's not here to make
9    excuses.  But he's got potential.  He's still young.  He's got
10   two kids.  He's employable.  He's worked in his past.  He's been
11   in construction and he's trained in car maintenance.  Of course
12   he can always find a job in that area.  So, anyway, Judge,
13   I don't feel like he was one the major players in this
14   conspiracy.
15          Here we are, again with, you, know, meth and pure meth.  Of
16   course, the Court knows all the arguments up and down about what
17   we think the guidelines should be, but of course they haven't
18   changed yet.  But it is, that's why we're here, is it's that
19   meth.  Every time you get just a little bit, it throws you a 33,
20   36, or better on those guidelines.  And that's, again, the case
21   that's before you right now also.
22          And, again, Mr. Miller knows there are consequences to his
23   actions.  And he's here today accepting that.  But he feels like
24   210 I think to 250 or 255 -- 262 is excessive.  We feel a
25   sentence closer to around the 140 range accomplishes the code

January 15, 2020

1  section's objective.  Of course, that's your total discretion.
2  We recognize that.  We respect that, your Honor.  But we just
3  ask for leniency.
4      And, again, I know you've already read the report and
5  reviewed it, but he does have support, and that's always a
6  positive thing, when I can bring a client into the courtroom and
7  say, look, he's got people on the outside that can help him,
8  love him, care for him.  And, really, it's his sister is his
9  main support system.
10     I've talked with my client about addressing your Honor, and
11 at this time I'd like to offer him or afford him the opportunity
12 if he wishes to.
13         THE COURT:  All right, Mr. Miller, you don't have to
14 say anything, but it is your right to be heard if you want to
15 make a statement.
16         THE DEFENDANT:  Yes.  I just want to apologize to the
17 Court and to my family.  You know, once I go wherever, I can
18 take advantage of whatever classes and stuff once I get there,
19 so I can get out and try to prove myself to my family and them
20 that I'm going to do better.  And by the time I do get out, I'll
21 be 40, 40 something, so.
22         MR. LOTT:  He's 32 now, your Honor.
23         THE DEFENDANT:  I'll just try to do right and get my
24 kids and try to be the father I was supposed to be.
25         THE COURT:  Thank you.

January 15, 2020

1	All right.  In imposing sentence in this case, the Court has
2	considered the advisory sentencing range and the sentencing
3	factors found at 18 U.S.C., section 3553(a), including the
4	nature and circumstances of the offense, the history and
5	characteristics of the defendant, and the need to avoid
6	unwarranted sentencing disparities.
7	    We've been going through this all week, and I've said it
8	before, but I'll say it to you, this is a very serious case.
9	This is a lot of drugs, a lot of different drugs, but certainly
10	a ridiculous amount of methamphetamine that was flooding South
11	Georgia.  And it's had a lot of impact on people's families.
12	And you know what drug addiction can do to a family.  So you
13	know firsthand.  And that has been spread out exponentially
14	across Georgia.
15	    So I take this, when I look at the nature and circumstances
16	of the offense, as a very serious offense.
17	    I do also note the time, the timing of two of the crimes
18	which accounted for criminal history points.  And even if I were
19	to, if there were a way to or if I were to consider departing
20	down based on that, that would still result in a range of 188 to
21	235.
22	    And so while I believe based on the need to avoid
23	unwarranted sentencing disparities, which I think that folds
24	into, because, you know, had the circumstances been a little bit
25	different, that may have been counted as one criminal history

January 15, 2020

1  point just depending on how things had played out.
2       So another person doing the same crime but having done it in
3  the same county or in the same city might have had a different
4  Criminal History Category.  So I do take that into account.  I
5  also take into account the need to just generally avoid
6  unwarranted sentencing disparities for people committing similar
7  crimes and with the same criminal history and the same past.
8       So I do believe a variance is appropriate.  A variance down
9  to 140 months, however, is not.  And so I believe in this case,
10 considering all of the factors, a sentence of 180 months is
11 appropriate here.  I'm also going to recommend that you
12 participate in the RDAP program while in the custody of the
13 Bureau of Prisons.  I'm imposing a mandatory assessment in the
14 amount of $100, but I'm waving the imposition of any fine and
15 alternate sanctions based on your financial condition.
16 Financial penalties shall be paid in accordance with the Court's
17 standing order at 2017-2.
18      The prison term is to be followed by a period of supervised
19 release of five years.  Supervised release shall include the
20 standard, mandatory, and special conditions as noted in the
21 presentence report and the Court's standing order at 2017-2.
22      All right.  Mr. Miller, you have knowingly and voluntarily
23 waived your statutory right to appeal with certain exceptions as
24 set forth in your plea agreement.  Should you decide to appeal
25 your sentence, you must file a notice of appeal or request that

January 15, 2020

1   the Clerk of the Court file a notice of appeal on your behalf
2   within 14 days of judgment being entered in your case.  If
3   you're unable to afford the cost of any appeal, you have the
4   right to ask the Court to waive the normal costs and/or appoint
5   counsel to represent you, okay?
6           THE DEFENDANT:  Yes.
7           THE COURT:  Now that the findings of the Court have
8   been made and sentenced imposed, are there any objections?
9           MS. MCEWEN:  None from the government, your Honor.
10          MR. LOTT:  There's none from me, your Honor.  I just
11  would like to clarify with you.  You know, he's been under a
12  federal detainer since August of '18.  Although he was picked up
13  in January, it's my understanding his time would count since
14  August.
15          THE COURT:  Yeah, his time in federal custody should
16  count.  I can't exactly say how BOP will calculate it.  They
17  have their own formula, but I do believe generally that his
18  federal time will count.
19          MR. LOTT:  That's what I've told him.  I just wanted
20  to --
21          THE COURT:  I can't say for sure.  That's my
22  understanding of it.  The BOP may calculate it differently.
23          MR. LOTT:  He does not request that I ask for a
24  specific facility to be sent to.
25          THE COURT:  Given that you do have children, I will

January 15, 2020

1  ask -- I think the RDAP program would be very important for you.
2  So within the bounds of you being able to participate in RDAP, I
3  will recommend that you be housed as close to home as possible
4  so that you can maintain a relationship with your children.
5          MR. LOTT:  Thank you.  And he did tell me to ask you to
6  do the rehab programs and vocational, but you already did
7  without me asking so I appreciate that.  And he does too.
8          THE COURT:  And, Mr. Miller, I wish you the best of
9  luck.
10         THE DEFENDANT:  Thank you.
11     (Concluding at 10:24 a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

January 15, 2020

CERTIFICATE

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF THE PROCEEDINGS.

```
/S/ Mindy Martin                              June 22, 2021
MINDY MARTIN, RMR, FCRR
UNITED STATES COURT REPORTER
Albany, Georgia  31701
Phone:  229-405-6818
```